UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

EAST/ALEXANDER HOLDINGS, LLC,

            Appellant,                     **DECISION AND ORDER**

       v.                                  6:22-CV-06242 EAW

M360 COMMUNITY DEVELOPMENT FUND
LLC and WENDY L. DWORKIN, ESQ.,

            Appellees.
_____

# BACKGROUND

Appellant East/Alexander Holdings, LLC ("Appellant") is the owner of three mixed-use commercial buildings in Rochester, New York. (Dkt. 1-1 at 1). Appellee M360 Community Development Fund, LLC ("M360") is Appellant's largest secured creditor and holds "a mortgage and blanket lien on all assets to secure a debt of approximately $17,000,000." (*Id.*). M360 commenced a state court foreclosure action in February of 2021. (*Id.* at 4). Appellee Wendy L. Dworkin, Esq. ("Dworkin"), was appointed as a receiver in the state court foreclosure action in January of 2022. (*Id.*).

On April 1, 2022, Appellant filed a Chapter 11 bankruptcy petition in the United States Bankruptcy Court for the Western District of New York. (Dkt. 4-1 at ¶ 3). On April 18, 2022, Dworkin filed a motion pursuant to 11 U.S.C. § 543(d)(1) to excuse compliance with 11 U.S.C. § 543(a) and (b) (the "Receiver Motion"). (*Id.* at ¶ 5). On April 25, 2022,

- 1 -

M360 filed a motion for relief from the automatic bankruptcy stay under 11 U.S.C. § 362(d)(1) (the "Stay Relief Motion"). (*Id*. at ¶ 4).

On May 12, 2022, the bankruptcy court entered a Decision and Order granting the Receiver Motion and the Stay Relief Motion. (Dkt. 1-1; Dkt. 4-2 (the "Bankruptcy Court D&O")). Appellant filed the instant appeal of the Bankruptcy Court D&O on May 25, 2022. (Dkt. 1).

Appellant thereafter did not take the necessary steps to perfect or prosecute the appeal. In particular, Appellant did not file a designation of record and statement of issues on appeal ("designation and statement") as required by Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 8009(a)(1). (Dkt. 3). Appellant also did not order the transcript within 14 days of filing its notice of appeal as required by Bankruptcy Rule 8009(b), nor did it file an appellate brief.

On August 23, 2022, M360 filed a motion to dismiss the appeal for failure to perfect or prosecute. (Dkt. 4). The Court entered a scheduling order requiring Appellant to respond on or before September 15, 2022. (Dkt. 5). Appellant has not responded to the motion to dismiss, nor taken any other steps to perfect or prosecute this appeal.

## **DISCUSSION**

Pursuant to Bankruptcy Rule 8003(a)(2), "[a]n appellant's failure to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground . . . for the district court . . . to act as it considers appropriate, including

dismissing the appeal." Fed. R. Bankr. P. 8003(a)(2). As another court in this Circuit has explained:

> Although the time limitations of the Bankruptcy Rules "are not jurisdictional" and "the district court is not required automatically to dismiss the appeal of a party who has failed to meet those deadlines," the Second Circuit instructs that "the district court should exercise its discretion to determine whether dismissal is appropriate in the circumstances, and its decision to dismiss will be affirmed unless it has abused its discretion."

*Fetman v. Aish Hatorah of N.Y. Inc.*, No. 1:17-CV-01247(ENV), 2018 WL 4288630, at *2 (E.D.N.Y. Sept. 7, 2018) (alteration omitted and quoting *In re Tampa Chain Co., Inc.*, 835 F.2d 54, 56 (2d Cir. 1987)). In determining whether to dismiss, the Court considers whether the failure to perfect or prosecute was excusable. *Burton v. Schachter*, 99 F. App'x 333, 335 (2d Cir. 2004). "[C]ourts should also take into consideration whether counsel's behavior evinces bad faith or a pattern of negligence; whether any other parties were prejudiced by the errant litigant's conduct; and whether the litigant should be granted the opportunity to rectify the problem." *In re Harris*, 464 F.3d 263, 272 (2d Cir. 2006).

"Failure to timely perfect an appeal has been held to be inexcusable, where the appellant provides no explanation for the failure after several months." *In re Wynn*, No. 17-CV-6547L, 2018 WL 10038796, at *1 (W.D.N.Y. Jan. 2, 2018); *see also In re Tampa Chain Co.*, 835 F.2d at 55 (affirming dismissal of bankruptcy appeal where "defendants filed no brief for some seven months after the due date, . . . their attorney offered no explanation or excuse for their failure to file a brief, and . . . the district court dismissed for failure to prosecute only after it had inquired as to the reason for the failure to file and was

- 3 -

given no explanation"). Here, it has been five months since the appeal was filed, and Appellant has not complied with the clear requirements of the Bankruptcy Rules, thereby leaving the matter at a standstill. Appellant was also put on notice, via the filing of M60's motion, that dismissal of its appeal for failure to perfect or prosecute was under consideration. Appellant was then afforded an opportunity to be heard, yet failed to respond to the motion to dismiss or to otherwise take any steps to perfect or prosecute. This record amply supports the conclusion that Appellant has—at a minimum—acted with a pattern of "negligence, and indifference." *In re Tampa Chain Co.*, 835 F.2d at 55. Furthermore, M360 wishes to move forward with the state court foreclosure action, and has been prejudiced by the "lack of resolution with respect to the appeal." (Dkt. 4-1 at ¶ 18).

The Court further finds that some lesser sanction than dismissal would not be effective here. Appellant has shown no indication that it intends to participate in this appeal, including by failing to take the basic and mandatory step of filing a designation and statement or even to seek an extension of the time in which to do so. And, as the Second Circuit has explained, "a bankruptcy appeal cannot proceed without a Designation and Statement." *In re Lynch*, 430 F.3d 600, 605 (2d Cir. 2005).

For all these reasons, the Court concludes that dismissal of the appeal under Bankruptcy Rule 8003(a)(2) is warranted.

## CONCLUSION

For the foregoing reasons, the Court grants M60's motion to dismiss (Dkt. 4) and dismisses the appeal pursuant to Bankruptcy Rule 8003(a)(2). The Clerk of Court is directed to close the case.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:   October 27, 2022
         Rochester, New York